

FILED

17 APR -5 AM 4:03

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.: 3:16-cv-01786-BEN-BLM<br><br>**ORDER:**<br>**(1) DENYING MOTION TO FILE UNDER SEAL; and**<br>**(2) DEFFERING DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

Before this Court is the Motion to Compel Arbitration filed by Defendant Citibank, N.A. ("Citibank"). (Docket No. 12.) The motion is fully briefed. Citibank has also filed an unopposed Motion to File Documents Under Seal. (Docket No. 16.) The Court finds the Motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set for below, the Motion to Compel Arbitration is **DEFERRED**, and the Motion to File Documents Under Seal is **DENIED**.

### BACKGROUND[1]

Plaintiff Marissa Glover alleges that, "[i]n or about 2015, an imposter opened an account with Best Buy that was financed by Citi" on her behalf without her knowledge or

---

[1] The following overview of the facts are drawn from the allegations of the Complaint. (Docket No. 1.) The Court is not making findings of fact.

1

3:16-cv-01786-BEN-BLM

consent. (*Id.* at ¶ 36.) She first learned of this account in mid-2015 (the "7001 Account"). (*Id.* at ¶¶ 26, 36.) Plaintiff subsequently conducted an investigation and determined she was the victim of identity theft. (*Id.* at ¶ 27.) She unsuccessfully attempted to resolve the 7001 Account informally with Citibank. (*Id.* at ¶¶ 28, 35.) Even though she was attempting to resolve the issue, Citibank allegedly harassed Plaintiff with telephone collection efforts, demeaning collection letters, and inaccurate reporting to the credit bureaus. (*Id.* at ¶ 29.) As a result, Plaintiff claims she suffered various damages, including "attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials." (*Id.* at ¶ 30.)

## DISCUSSION

### I. Motion to File Documents Under Seal

Citibank moves to file under seal the Declaration of Walter N. Golden ("Golden Declaration") and its accompanying exhibits, which were filed with Citibank's Reply in support of its Motion to Compel Arbitration. (Docket No. 16.) Citibank explains that it seeks to seal the Golden Declaration and exhibits because they contain Plaintiff's personally identifiable information. Although Federal Rule of Civil Procedure 5.2 normally requires that personally identifiable information be redacted, Citibank asserts that it was necessary to provide the document without redaction because the information supports the key issue in its Motion to Compel Arbitration. Plaintiff does not oppose the Motion to File Documents under Seal, but instead filed an objection to the Golden Declaration and exhibits on the grounds that they should not be considered having been brought to the Court's attention for the first time in Reply. (Docket No. 18.)

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598. However, the Supreme Court also stated that "the right to

2

inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Simply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, [also] does not satisfy the burden." *Id.* at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

The "compelling reasons" standard applies fully to dispositive motions, such as the one at issue here. *Id.* at 1179. In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As explained above, Citibank is required to "present 'articulable facts' identifying the interests favoring sealing, *and* to show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (emphasis in original) (internal citations omitted). Citibank fails to make this showing. Citibank asserts that it filed documents containing personally identifiable information that is normally redacted because the information was necessary to support its Motion to Compel Arbitration. However, the only specific item noted in its Motion to File Documents Under Seal is Plaintiff's Driver's License. Citibank has not presented any supporting declarations, specific demonstrations of fact, or concrete examples of prejudice or harm that could result if these documents are filed in the public record. Nor has Citibank identified what information in these documents is considered privileged or sensitive. This is not the particularized showing necessary to establish a "compelling" interest. Additionally, some of the documents already contain redactions; therefore, it is unclear why the entire documents need to be sealed now. Therefore, Citibank's Motion to File Documents Under Seal is **DENIED**.

II. **Motion to Compel Arbitration**

Citibank moves to compel arbitration asserting Plaintiff's claims are subject to an existing arbitration agreement between them. (Docket No. 12.) Citibank's position is that Plaintiff did in fact open the 7001 Account, and is thereby subject to its Card Agreement terms, including the arbitration agreement. (Mot. at pp. 3-6.)

Section 2 of the Federal Arbitration Act ("FAA") states that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

4

9 U.S.C. § 2. Section 2 demonstrates "'a national policy favoring arbitration' of claims that parties contract to settle in that manner." *Preston v. Ferrer*, 552 U.S. 346, 352–53 (2008) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)).

Under Section 3 of the FAA, where an issue involved in a suit or proceeding is referable to arbitration under an agreement in writing, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. The language is mandatory, and district courts are required to order arbitration on issues as to which an arbitration agreement has been signed. *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The role of the district court is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Arbitration is a matter of contract, and a party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994). A court must determine whether there is an agreement to arbitrate before ordering arbitration. *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996). In doing so, a court "should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Unlike determining the scope of the disputes covered by a valid arbitration agreement, in the face of silence or ambiguity a court presumes the parties intended a court to determine arbitrability. *Id.* at 944-45.

Here, Citibank asserts Plaintiff's claims must be arbitrated because she entered into a valid, enforceable arbitration agreement. To support this contention, Citibank attached to its Motion an employee declaration and supporting exhibits, including the arbitration agreement and some of the 7001 account information. (Docket No. 12-1.) In her Opposition and supporting Declaration, Plaintiff responds that she is not required to

arbitrate her claims because she never opened the 7001 Account, and therefore did not consent to the arbitration agreement. (Docket Nos. 13, 13-1.) Citibank objected to Plaintiff's Declaration because it was undated and purportedly contained legal conclusions. (Docket No. 15.) Nevertheless, it is clear from the face of Plaintiff's Complaint that she alleges she did not open the 7001 Account and thus did not agree to be bound by its terms. (Compl. ¶¶ 26-36.)

The Court finds that, based on the Complaint and the competing declarations submitted by the parties, there is a genuine question of fact in need of resolution. Accordingly, the Court shall schedule a trial for resolution of these issues. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."). **The Court orders the parties to meet and confer and to file a joint proposed trial plan within two weeks of the date of this order.** The joint proposed trial plan shall address, *inter alia,* whether the trial shall be a jury trial or a bench trial, how long the trial is expected to take, when the parties would prefer trial to be scheduled, and what discovery is needed for trial.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Citibank's Motion to File Documents Under Seal, and **DEFERS** ruling on the Motion to Compel Arbitration. As discussed above, within two weeks of the date of this order, the parties shall meet and confer, consult with the Courtroom Deputy regarding available trial dates, and file a joint proposed trial plan to adjudicate the issue of whether Plaintiff consented to the arbitration agreement.

**IT IS SO ORDERED.**

DATED: April 5, 2017

HON. ROGER T. BENITEZ
United States District Judge